UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE WEISS, *et al.*

       Plaintiffs,

                                 File No.  1:08-cv-1031

v.

                                 HON. ROBERT HOLMES BELL

DIRK KEMPTHORNE, Secretary, U.S.
Department of the Interior, *et. al*,

       Defendants.

_____/

## **O P I N I O N**

Plaintiffs are Michigan residents living in or near the City of Benton Harbor,

Michigan.  Plaintiffs bring this action against state and federal officials alleging violations

of the National Environmental Policy Act of 1969 (NEPA), as amended, 42 U.S.C. § 4321

*et seq.*, the Land and Water Conservation Fund Act of 1965 (LWCFA), as amended, 16

U.S.C. § 460*l*-4, and Michigan state law.  Plaintiffs seek review of agency action pursuant

to the Administrative Procedures Act (APA), 5 U.S.C. §§ 701-706.  This action was

transferred from the District of Columbia.  This matter is before the Court on Defendant

Rebecca A. Humphries's motion to dismiss for lack of subject matter and personal

jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1), (2), and (6) of the

Federal Rules of Civil Procedure.  (Dkt. No. 33.)  Defendant Humphries is being sued in her

official capacity as the director of the State of Michigan Department of Natural Resources

("MDNR").

## I.

In considering a motion pursuant to Rule 12(b)(6), the Court assumes that all the allegations in the complaint are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993). Dismissal of the complaint is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003); *Goad v. Mitchell*, 297 F.3d 497, 500 (6th Cir. 2002).

## II.

Plaintiffs' action stems from the conversion of Jean Block Park (the "Park"), located in Benton Harbor, Michigan, to a golf course. Plaintiffs allege, *inter alia*, that the MDNR omitted required information, or provided incorrect information, in its proposal for conversion of the Park that it submitted to the United States National Park Service. Counts One through Eight of Plaintiffs' first amended complaint allege violations of NEPA, the LWCFA, and related federal regulations. (Dkt. No. 60, First Am. Compl.)

NEPA does not, in itself, authorize a private right of action. *Sw. Williamson County Cmty. Ass'n v. Slater*, 243 F.3d 270, 274 n.4 (6th Cir. 2001); *Karst Envtl. Educ. & Prot., Inc.*

*v. EPA*, 475 F.3d 1291, 1295 (D.C. Cir. 2007).   Similarly, the Court is not aware any

authority for a private right of action under the LWCFA, and Plaintiffs cite none.   Thus,

Plaintiffs' NEPA and LWCFA claims must be reviewed under the APA.[1]   *See Karst*, 475

F.3d at 1297 (stating that NEPA claims are reviewed under the APA).   To state a claim under

the APA, the plaintiff must allege "agency action."   *Karst*, 475 F.3d at 1298; *see* 5 U.S.C.

§ 702 (permitting judicial review of "agency action").   By its own terms, the APA does not

apply to review of actions by state agencies.   *Slater*, 243 F.3d at 274 n.4.   The APA defines

agencies as "each authority of the Government of the United States . . . ."  5 U.S.C. § 701.

Thus, Plaintiffs fail to state a claim against Defendant Humphries, because none of the

alleged actions of Defendant Humphries or the MDNR constitute "agency action" under the

APA.  *See Karst*, 475 F.3d at 1298 (affirming dismissal of a complaint against state officials

pursuant to Rule 12(b)(6)).

Plaintiffs argue that the Court has *jurisdiction* to impose injunctive relief on

Defendant Humphries to prevent further conversion of the Park in order to allow the federal

defendants to comply with their obligations under NEPA and the LWCFA.   But the argument

in favor of the Court's jurisdiction does not save Plaintiffs' claims from dismissal pursuant

to Rule 12(b)(6) for failure to state a claim.   Moreover, the only binding authority cited by

Plaintiffs in support of their argument is *Slater*.   However, in *Slater* the court noted that the

---

[1]Prior to transfer of this case from the District of Columbia, Judge Rosemary Collyer
concluded that Plaintiffs' claims under NEPA and the LWCFA must be reviewed as claims under
the APA.  *Weiss v. Kempthorne*, 580 F. Supp. 2d 184, 187 (D.D.C. 2008).   Also, Plaintiff's
complaint requests review under the APA.   (Dkt. No. 60, First Am. Compl. ¶ 3.)

state defendant had already been dismissed as a party to the case because the APA does not

apply to state agencies.[2]  *Slater*, 243 F.3d at 274 n.4.

Plaintiffs also argue that Defendant Humphries should remain a defendant under the

rule in *Ex parte Young*, 209 U.S. 123 (1908).  However, *Young* sets forth an exception to

Eleventh Amendment immunity, not an independent basis for bringing a cause of action

against state officials.  Without a valid basis for a cause of action against Defendant

Humphries, she must be dismissed as a defendant.  For the foregoing reasons, the Court will

dismiss Defendant Humphries as a defendant from Counts One through Eight of Plaintiffs'

complaint for failure to state a claim.

Plaintiffs' state law claims against Defendant Humphries in Counts Nine and Ten are

barred by the Eleventh Amendment because state officials are immune from claims of

violation of state law brought in federal court.  *Pennhurst State Sch. & Hosp. v. Halderman*,

465 U.S. 89, 121 (1984) (applying Eleventh Amendment immunity to pendent state law

claims).  The *Young* exception to Eleventh Amendment immunity does not apply to such

claims.  *Id.* at 106 ("We conclude that *Young* and *Edelman* are inapplicable in a suit against

state officials on the basis of state law.").  Plaintiffs offer no argument or authority to the

contrary.  Thus, Defendant Humphries shall be dismissed as a party to this action with respect

---

[2]The Sixth Circuit also noted, in *dicta*, that it might have the power to enjoin the state
from continuing with construction of the highway project at issue until the federal agency
complied with its permitting requirements.  *Slater*, 243 F.3d at 277 ("If we conclude that the
highway corridor constitutes a 'major federal action,' then we have the authority to instruct the
district court to enjoin the state from further construction on the highway.").

to all counts in Plaintiffs' complaint.[3]

## III.

Defendant Humphries also requests an award of attorney's fees and costs incurred in bringing its motion to dismiss. Defendant provides no basis or authority for the Court to grant such an award. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975) ("In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser."). Defendant's request will be denied.

An order will be entered that is consistent with this opinion.

Date:   April 7, 2009                       /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE

---

[3]The Court notes that Plaintiffs added Count Eleven to their First Amended Complaint after Defendant Humphries filed her motion to dismiss. (Dkt. No. 60.) However, Count Eleven makes allegations only against Defendant Lieutenant General Robert Van Antwerp, as the Chief of Engineers and Commander of the United States Army Corps of Engineers, and does not state a claim against Defendant Humphries.