UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE WEISS, et al.,

    Plaintiffs,

File No. 1:08-CV-1031

v.

HON. ROBERT HOLMES BELL

DICK KEMPTHORNE, et al.,

    Defendants,

and

HARBOR SHORES COMMUNITY
REDEVELOPMENT, INC.,

    Intervenor-Defendant.
    _____/

## **O P I N I O N**

Plaintiffs are Michigan residents living in or near the City of Benton Harbor, Michigan. Plaintiffs brought this action against state and federal officials alleging violations of the National Environmental Policy Act of 1969 (NEPA), as amended, 42 U.S.C. § 4321 *et seq.*, the Land and Water Conservation Fund Act of 1965 (LWCFA), as amended, 16 U.S.C. § 460*l*-4, and Michigan state law, in connection with a development project being undertaken by Intervenor-Defendant Harbor Shores Community Redevelopment, Inc. ("Harbor Shores"). Plaintiffs seek review of agency action pursuant to the Administrative Procedures Act (APA), 5 U.S.C. §§ 701-706. Plaintiffs have filed objections to and a motion to supplement (Dkt. Nos. 92, 97) the proposed administrative record, as submitted by

Defendant Dirk Kempthorne on behalf of the United States Department of the Interior ("DOI Record") (Dkt. No. 93), and by Defendant Lieutenant General Robert Van Antwerp on behalf of the United States Army Corps of Engineers ("Corps Record") (Dkt. No. 94). Harbor Shores has also filed a motion to supplement the administrative record. (Dkt. No. 91.) Finally, Plaintiffs request additional time to respond to the pending motions for summary judgment until the Court rules on the objections to the administrative record. (Dkt. No. 113.)

I.

Under the APA, the court does not engage in *de novo* review, but applies the "arbitrary and capricious" standard, setting aside an agency decision if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). The APA requires courts to "review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. The administrative record includes all materials that were "compiled" by the agency and were "before the agency at the time the decision was made." *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997) (citations omitted). *See Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993) ("The complete administrative record consists of all documents and materials directly or indirectly considered by the agency."). Generally, a court's review is confined to the administrative record. *Slater*, 120 F.3d at 638. "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Kroger Co. v. Reg'l Airport Auth. of Louisville & Jefferson County*, 286 F.3d 382 (6th Cir. 2002) (quoting *Camp*

*v. Pitts*, 411 U.S. 138, 142 (1973)). The Court is not empowered to engage in a *de novo* investigation of the matter. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

**A. Plaintiffs' Objections and Motion to Supplement**

Plaintiffs move to correct and/or supplement the administrative record with almost 200 separate documents. In their motion, Plaintiffs appear to conflate materials that they believe should be part of the administrative record (*i.e.* because they are materials that were "before the agency"), with materials that Plaintiffs believe the Court should consider *in addition to* the administrative record.

With respect to the first category of materials, "[t]he court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary." *Bar MK Ranches*, 994 F.2d at 740; *see United States v. Martin*, 438 F.3d 621, 634 (6th Cir. 2006) (noting that agency action is entitled to a presumption of regularity that may be overcome only by "clear evidence"). It is not clear to the Court which of the documents offered by Plaintiffs fall within this category. Some documents are described by Plaintiffs as letters to federal agencies, though there is no representation by Plaintiffs that they were submitted to the agencies prior to the relevant decisions at issue in this case.[1] It is clear, however, that a

---

[1]Based on Plaintiffs' description of the documents, there are at least two documents that Plaintiffs apparently contend were submitted to NPS prior to the agency decision, document nos. 940 and 941 (DOI Record); the latter documents are not opposed by Defendants and will be added to the record. Plaintiffs also refer to a letter sent by Plaintiff Weiss to NPS in May 2007 (Dkt. No. 97, Pls.' Amended Objs. 14-15); however, the Court cannot locate this letter in the index of documents submitted by Plaintiffs. Other documents are described by Plaintiffs as letters to NPS, including document nos. 916, 917, 919, and 920 (Corps Record). (*Id.* at 21.) Defendants contend that the latter documents are not relevant to the agency action at issue.

substantial portion of the documents that Plaintiffs propose to add to the administrative record are *not* those that were "before the agency." As Plaintiffs indicate, many of the proposed documents were "not disclosed" or "should have been disclosed" to the agency.[2] If such documents were not disclosed to the agencies, then they are properly not part of the administrative record designated by Defendants. Similarly, the relevant agency decisions in this case were made in July and August 2008, yet many of the documents proposed by Plaintiffs post-date those decisions, and thus could not have been before the agency at the time that the decision was made.[3]

Defendants acknowledge that certain documents offered by Plaintiffs were inadvertently omitted from the record, including document no. 926 (DOI Record), and part of document no. 811 (Corps Record). Thus, the Court will add these documents to the respective records. Defendants also assert that they do not object to adding document nos. 940 and 941 to the DOI Record. The Court will also add these documents.

With respect to the second category of materials, the Court may exercise its discretion to "expand or supplement" the record in "exceptional circumstances[.]" *Charter Twp. of Van Buren v. Adamkus*, No. 98-1463, 1999 WL 701924, *4 (6th Cir. Aug. 30, 1999)

---

Plaintiffs do not respond to this argument.

[2]See, for example, proposed additions to the Corps Record, document nos. 800A, 800B, 801A-E, and 804A-E. (Dkt. No. 97 at 7-8).

[3]See, for example, proposed additions to the Corps Record, document nos. 834, 839, and 980 (Dkt. No. 97 at 9, 13).

4

(unpublished). Supplementation of the record is an unusual action that is rarely appropriate. *Id.* In *Pitts*, the Supreme Court permitted discovery of additional evidence from the agency in order to explain the agency's decision, where the agency's failure to do so "frustrat[ed] judicial review." *Pitts*, 411 U.S. at 143. In *Esch v. Yeutter*, 876 F.2d 976, 991-92 (D.C. Cir. 1989) the court noted, in *dicta*, that courts have recognized a number of circumstances in which review of materials outside the administrative record might be appropriate:

> (1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage.

*Id.* at 991-92. However, this list of circumstances set forth in *Esch* has been criticized and limited by other courts. *See Peterson Farms I, Cal. P'ship v. Espy*, No. 92-5243, 1994 WL 26331, at *3 (D.C. Cir. 1994) (unpublished) (noting that "probative value of [the] dicta [in *Esch*] is limited"); *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1381 (Fed. Cir. 2009) (noting problems with the list of circumstances in *Esch* and holding that the administrative record should be supplemented "only if the existing record is insufficient to permit meaningful review consistent with the APA.").

The Sixth Circuit has so far identified at least three circumstances that may warrant supplementation of the record: (1) "when an agency has deliberately or negligently excluded

documents that may have been adverse to its position," (2) where the court needs "certain background information in order to determine whether the agency considered all relevant factors in arriving at its decision[,]" and (3) where "the plaintiff has made a strong showing of bad faith on the part of the agency." *Slater*, 120 F.3d at 638 (citations omitted).

To the extent that Plaintiffs seek to *supplement* the administrative record, apart from making passing references to circumstances in which courts may do so, they have not provided the Court with any clear guidance as to how any particular document should be treated. Plaintiffs have not provided any meaningful argument that their proffered documents should be considered under any of the circumstances set forth in *Slater*, or in any of the other case law cited by Plaintiffs, or are otherwise necessary for meaningful judicial review.

Plaintiffs argue generally that the Court should supplement the administrative record on the basis of bad faith. However, while Plaintiffs expend much effort criticizing the actions of Defendant Harbor Shores, at issue is the bad faith of the *agency*. *See Slater*, 120 F.3d at 638. For instance, Plaintiffs contend some of their proposed documents constitute "evidence" of "an inclination on the part of Harbor Shores and its proxy, Benton Harbor, to not disclose forthrightly[,]" and that a presentation given by Harbor Shores to public officials at an invitation-only session reflects "the implicit bad faith of a secret plan" that was insufficiently disclosed in NEPA documents. (Dkt. No. 103, Pls.' Reply in Supp. of Objections to Admin. R. 8, 10.) Plaintiffs also contend that proposed document #808, an analysis by Harbor Shores's consultant that was not given to the federal agencies, tends to

show "conscious efforts" by Harbor Shores to limit the scope of agency review. (*Id.* at 12.) The Court fails to see, and Plaintiffs have not explained, how the actions of Harbor Shores tend to show bad faith on the part of the reviewing agencies. If Plaintiffs intend to rely on bad faith as the basis for supplementation of the record, they have failed to make the "strong showing" that is required. *See Slater*, 120 F.3d at 638; *Adamkus*, 1999 WL 701924, at *4 ("To overcome the presumption of validity of agency action . . . the plaintiff must show specific facts indicating that the challenged action was reached because of improper motives."). In addition, with a few possible exceptions, Plaintiffs have not drawn any connection between the agency's bad faith and the documents that they have proposed; even assuming Plaintiffs had made the requisite showing, that would not necessarily merit wholesale supplementation of the administrative record with all of the documents proposed by Plaintiffs.

To the extent that Plaintiffs contend that certain documents should be admitted for other reasons, such as to provide background information or as an aid in determining whether the agency considered all relevant factors, Plaintiffs have not explained how their proposed additions to the record would fulfill these functions. Certainly, the Court cannot make a determination that the proposed documents would aid as background information without guidance as to the relevant factors that the agency should have considered, or as to the relevance, generally, of these documents to the Court's review of the agency action. Defendants have argued that, in fact, many of the documents offered by Plaintiffs are not

relevant because they do not relate to the agency decisions at issue. Plaintiffs do not respond to this argument.[4] The Court also notes that Plaintiffs have already filed a motion for summary judgment arguing that Defendants' decisions were arbitrary and capricious based on the administrative record as it stands, thereby undermining any argument that extra-record materials would be necessary or helpful for the Court's review.

Thus, Plaintiffs have failed to persuade the Court that it should supplement the administrative record with any of the documents that Plaintiffs have submitted to the Court in connection with their motion. Accordingly, the Court will deny Plaintiffs' objections and motion to supplement, except with respect to the documents that are not opposed by Defendants.

Plaintiffs have also asked the Court to delay a definitive ruling on the admissibility of their proposed additional documents until they have the opportunity to submit additional briefing on the merits. (Dkt. No. 103, Pls.' Reply in Supp. of Objs. 21.) Plaintiffs apparently contend that the Court cannot appreciate the "contextual relevance" of their proposed materials until the Court has an opportunity to review the documents in connection with their briefing on the merits. (*Id.*) The Court disagrees. Explaining the "relevant factors" that the agencies should have considered, indicating how a particular document might function as

---

[4] Intervenor-Defendant Harbor Shores makes a similar argument. Ironically, Plaintiffs respond to Harbor Shores's argument by citing documents that are already in the administrative record. (Dkt. No. 103, Pls.' Reply in Supp. of Objs. 6-11.) Even assuming that Plaintiffs' proposed documents are somehow relevant to the agency's decision, the Court cannot discern what "exceptional circumstances" Plaintiffs are relying upon to support supplementation of the record.

necessary "background information," or making a showing of bad faith on the part of the agency does not require full briefing of the merits of Plaintiffs' case. Plaintiffs have had ample opportunity to inform the Court as to the necessity for supplementation of the administrative record, in both their objections to the record (Dkt. No. 97) and in their reply in support of their objections (Dkt. No. 103), and have barely even attempted to draw a connection between specific documents and the "exceptional circumstances" identified in *Slater* or in any other case law cited by Plaintiffs. Thus, the Court will deny Plaintiffs' request to suspend a ruling on admissibility pending further briefing.

Finally, Plaintiffs ask the Court to compel Defendant City of Benton Harbor to place into the record copies of all comments submitted to the City in connection with the NEPA process, and to provide a transcript of all comments made at the public comment hearing in April 2008. Plaintiffs contend that these comments are relevant to exhaustion of remedies; however, Plaintiffs provide no procedural or legal basis for the Court to enter such an order.[5] This request will be denied.

**B. Intervenor-Defendant Harbor Shores's Objections and Motion to Supplement**

The materials offered by Intervenor-Defendant Harbor Shores appear to fall in the category of materials that may have been improperly or inadvertently left out of the

---

[5]Having inserted this request into their objections to the administrative record, the Court is also concerned about its procedural propriety. It is not clear to the Court that the City is on notice of Plaintiffs' request, or that Plaintiffs have complied with the local rules regarding motion practice, such as attempting to obtain concurrence from opposing counsel for the City. W.D. Mich. LCivR 7.1.

administrative record designated by Defendants, even though they were "before the agency." Defendants assert that they do not object to inclusion of proposed exhibits 1A-1 (as an addition to the Corps Record), and 2A-1, 2A-2, and 2B-3 (as additions to the DOI Record). The Court will allow these exhibits to be included in the administrative record.

Exhibit 1A-2 is an email from the Corps dated June 21, 2007, that Defendants note is already part of the record. Exhibit 1A-3 is an email from the Corps scheduling a meeting with a representative of Harbor Shores. Harbor Shores has not explained the relevance of this document, and Defendants object that it is procedural rather than substantive. Thus, the Court will not admit it as part of the administrative record.

Harbor Shores also seeks to correct what it contends are mistakes in the record. Defendants assert that they do not object to the corrections set forth in exhibits 2B-1 and 2B-2. Harbor Shores also contends, referring to its exhibit 1B-1, that the description of the document in CORPS0002337-CORPS0002338 of the Corps Record is incorrect, while Defendants contend that it is correct. The Court will deny this objection because the description of the document is not pertinent to the agency decision or to the Court's review of the record. Finally, Harbor Shores notes that "it is unclear" whether a portion of the document in exhibit 1B-2 is missing. The Court will deny this objection because Harbor Shores has not shown that the administrative record is incomplete.

## II.

Finally, Plaintiffs have filed a motion asking the Court to suspend briefing on the

cross-motions for summary judgment filed by Defendants Corps of Engineers, National Park Service, Advisory Council on Historic Preservation, Harbor Shores and City of Benton Harbor until the Court has ruled on the objections to the administrative record. Plaintiffs ask the Court for an additional thirty days to respond to these motions after the Court issues its ruling. (Dkt. No. 113.) The Court will deny this motion. As indicated by Plaintiffs, they have until August 3, 2009, to file a response; there is sufficient time remaining to prepare a response after the Court enters its order in accordance with this opinion. The Court's ruling on the parties' objections to the administrative record does not dramatically alter the record such that Plaintiffs would need additional time to respond.

An order will be entered that is consistent with this opinion.


Dated: July 13, 2009 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE